IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00538-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    BRYANT GRIFFIN,

    Defendant.

---

**ORDER CONCERNING:**
**UNITED STATES OF AMERICA'S MOTION IN OPPOSITION TO DEFENSE MOTION #74 TO REVOKE DEFENDANT'S BOND AND FOR ISSUANCE OF ARREST WARRANT (DOCKET NO. 77)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court for hearing on the United States of America's Motion in Opposition to Defense Motion #74 to Revoke Defendant's Bond and for Issuance of Arrest Warrant (docket no. 77) and for Detention Hearing. The court has considered the testimony and credibility of Shelley Secotte, U.S. Probation Officer for the District of Colorado, and Corey Griffin, who is Defendant Griffin's wife, and has also considered Plaintiff's exhibit no. 1. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3148(b)(1)(A) and (B), (2)(A) and (B) and 3142(g). Lastly, the court has considered argument presented by the Government and the Defendant. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That based upon the testimony of Ms. Seacotte and Government's exhibit no. 1, the Government has established probable cause that Defendant, while on release on bond, has committed a new local crime [harassment] in violation of Aurora Municipal Code 94-42(2);

5. That Defendant is unlikely to abide by any condition or combination of conditions of release as outlined in 18 U.S.C. § 3142(g);

6. That probable cause has been established as outlined above in paragraph 4, and therefore the rebuttable presumption pursuant to 18 U.S.C. § 3148(b)(2)(B) arises that no condition or combination of conditions of release will assure that the person [Defendant] will not pose a danger to the safety of any other person or the community; and

7. That Defendant has not rebutted the rebuttable presumption of detention.

# ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That United States of America's Motion in Opposition to Defense Motion #74 to Revoke Defendant's Bond and for Issuance of Arrest Warrant (docket no. 77) is GRANTED; and

2. Defendant's bond is REVOKED, and Defendant shall be held without bond until his Sentencing on October 7, 2011, at 11:00 a.m.

Done this 20th day of September 2011, *nunc pro tunc* September 19, 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE